**Michael SATTARI, Plaintiff–Appellant,**

v.

**WASHINGTON MUTUAL, a Washington corporation, Defendant–Appellee.**

No. 10–17433.

United States Court of Appeals, Ninth Circuit.

Argued and Submission Deferred Aug. 10, 2011.

Submitted December 23, 2011.

Filed Dec. 23, 2011.

Larry Howell, The University of Montana School of Law, Missoula, MT, for Plaintiff–Appellant.

Michael Sattari, Las Vegas, NV, pro se.

Kent F. Larsen, Katie M. Weber, Smith Larsen & Wixom, Las Vegas, NV, for Defendant–Appellee.

Before: KOZINSKI, Chief Judge, O'SCANNLAIN and GRABER, Circuit Judges.

**MEMORANDUM***

Sattari mistakenly referenced California statutes rather than Nevada statutes throughout his complaint. Because Sattari was a pro se litigant when he wrote the complaint, we construe it liberally to infer

that he meant to reference Nevada law. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks omitted).

Sattari claims the bank engaged in unfair business practices. Under the Nevada Deceptive Trade Practices Act (NDTPA), "[a]n action may be brought by any person who is a victim of consumer fraud." Nev. Rev.Stat. § 41.600(1). A claim under the NDTPA requires a "victim of consumer fraud to prove that (1) an act of consumer fraud by the defendant (2) caused (3) damage to the plaintiff." *Picus v. Wal–Mart Stores, Inc.,* 256 F.R.D. 651, 658 (D.Nev. 2009) (order). Consumer fraud encompasses deceptive practices, such as "[k]nowingly mak[ing a] . . . false representation in a transaction." Nev.Rev.Stat. § 598.0915(15). Sattari does not raise a genuine issue of material fact that would show that the bank made a false representation, so this claim fails.

Sattari mentions wrongful foreclosure and emotional distress in his brief, but doesn't "specifically and distinctly" argue these claims. *Miller v. Fairchild Indus., Inc.,* 797 F.2d 727, 738 (9th Cir.1986) ("The Court of Appeals will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief."). We require a brief to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R.App. P. 28(a)(9)(A). Sattari provides neither any argument nor supporting authority. Therefore, he has waived any claims based

---

* This disposition is not appropriate for publication and is not precedent except as provided

by Ninth Circuit Rule 36–3.

on wrongful foreclosure and emotional distress.

**AFFIRMED.**